## Isaac P. Smith *vs.* Augustus W. Smith.

A testator in his will devised certain property to his son A. upon condition "that he shall pay one half of my just debts, his brother B. to pay the other half;" and afterwards in the same will devised certain other property to B., and appointed A. and B. his executors. *Held*, 1. That notes due from the testator to A. were not extinguished by the devise to him; 2. That B. was bound to pay one half of such notes; 3. That A. might maintain a bill in equity against B., after refusal, to compel such payment.

Bill in equity, setting forth that Burley Smith, deceased, the father of both the plaintiff and defendant, executed his will, of which a copy was annexed, in which he made certain devises and bequests to the plaintiff upon this condition: "That he shall pay one half of my just debts, his brother Augustus to pay the other half;" that the plaintiff and defendant were therein named as executors, and as such proved the will and entered upon the trust; that the defendant has since become possessed of a large amount of property given to him by other provisions of the will; that the testator was owing the plaintiff the amounts due on two certain promissory notes; that, by the provisions of the will, the defendant became bound to pay the plaintiff one half of the amounts so due to him; and that the defendant has refused payment thereof, though requested.

The defendant filed a general demurrer.

*C. P. Thompson*, for the plaintiff.

*J. W. Perry*, (*D. B. Kimball* with him,) for the defendant.

Chapman, J.   In the last will and testament of Burley Smith, of which the parties to this suit are executors, certain specific devises and legacies are given to the plaintiff; and at the close of them is the following clause: "And said devises and bequests to my son Isaac are upon the express condition that my said son shall pay" (several specific legacies); "and also that he shall pay one half of my just debts, his brother Augustus to pay the other half." Then follow several specific devises and legacies to Augustus; also several to his other children and his grandchildren. His four children are made residuary legatees.

It is contended that the debts stated in the bill to be due to

the plaintiff were satisfied by the legacy to him. But the language of the will indicates no such intention on the part of the testator. It provides that he shall pay half of all the testator's just debts, and that the defendant shall pay the other half. If nothing were said on the subject, the modern rule of construction would be, that a bequest is to be regarded as a bounty and not as the payment of a debt, unless a contrary intention is expressed. *Strong* v. *Williams*, 12 Mass. 390, & Rand's note. But in this will no rule of construction need be resorted to, for the provision as to debts is expressed plainly.

It is argued that the defendant is not equally bound with the plaintiff, because this provision is found in connection with the legacies to the plaintiff, and makes his legacy conditional in terms, while nothing is said of debts in connection with the defendant's legacies. But no particular form of words was necessary to express the testator's intention; it was not necessary to repeat the provision as to debts; and as the words are plain, the defendant is liable to pay half the debts.

· The notes described in the plaintiff's bill are debts, to be paid as provided in the will. The parties being co-executors and devisees, a suit in equity is the plaintiff's appropriate remedy, by Rev. Sts. *c.* 81, § 8.                         *Demurrer overruled.*